[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2007
THOMAS K. KAHN
CLERK

No. 06-14831
Non-Argument Calendar

_____

D. C. Docket No. 06-00008-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY JEROME MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 29, 2007)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jeremy Jerome Moore appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).

## I. BACKGROUND

On July 23, 2005, Fort Myers police officer Candice Derrig pulled over a silver Dodge Intrepid. The car was driven by Jeremy Kinchen. His cousin, Latroy Pender, was in the passenger seat, and Moore was a passenger in the back seat.

As Derrig approached the car, she noticed the strong smell of marijuana. The windows were rolled down, and Derrig observed that Moore had marijuana on his shirt. After a backup officer arrived, Derrig ordered Moore out of the vehicle. As Moore exited the vehicle, both Derrig and the backup officer noticed that he was sitting on a handgun. Moore was subsequently arrested for possession of the gun and ammunition. After a jury trial, Moore was found guilty of being a felon in possession of a firearm. Moore asserts three issues on appeal, which we address in turn.

## II. DISCUSSION

A. *Exclusion of Searcy's Testimony*

Moore first contends the district court erred in excluding witness testimony regarding the gun. At trial, Moore attempted to present testimony from Tamara Searcy, Kinchen's ex-girlfriend. According to the proffer, Searcy would have testified that Kinchen had showed her a handgun in the glove compartment of the Intrepid 19 days earlier. Searcy also would have testified the guns looked similar, but she could not say the gun found with Moore was the same as the one possessed by Kinchen. The district court excluded this testimony as irrelevant.

In general, all relevant evidence is admissible, and irrelevant evidence is inadmissible. Fed. R. Evid. 402. "The trial court is vested with broad discretion in ruling upon the relevancy and admissibility of evidence." *United States v. Anderson*, 872 F.2d 1508, 1515 (11th Cir. 1989). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The district court did not abuse its discretion in excluding Searcy's testimony. *See United States v. Alaboud*, 347 F.3d 1293, 1298 (11th Cir. 2003) (stating evidentiary decisions are reviewed for abuse of discretion). The record shows that, at best, Searcy would have testified she saw a gun in the glove compartment of the Intrepid 19 days before Moore was caught with a gun in the

3

back seat. The record further shows she could not identify the gun or say whether it was the same gun on both occasions. Accordingly, the only thing Searcy's testimony would prove is that Kinchen had a gun in the car more than two weeks before Moore was caught with a gun in the car. The fact Kinchen had a gun in the glove compartment on July 4, 2005, does not make it more or less likely that Moore had a similar gun in the back seat on July 23, 2005. Moreover, because Searcy could do no more than testify the gun in the glove compartment was "similar," she could not establish possession with her testimony. Accordingly, the testimony was not relevant. *See* Fed. R. Evid. 401.

## B. *Armed Career Criminal Act*

Moore contends he should not have been sentenced under the Armed Career Criminal Act (ACCA) because the qualifying prior convictions alleged in the indictment were not submitted to, nor found by, a jury. Essentially, Moore is arguing that *Almenderez-Torres v. United States*, 118 S. Ct. 1219 (1998), is no longer good law. He additionally argues his case is distinguishable from *Almendarez-Torres* because while Almendarez-Torres admitted his prior convictions during his change of plea colloquy, Moore merely admitted he was a convicted felon during his jury trial, and did not admit the actual prior offenses.

4

In *Almendarez-Torres*, the Supreme Court held the government need not prove beyond a reasonable doubt that a defendant had prior convictions or allege those prior convictions in its indictment in order to use those convictions to enhance a defendant's sentence. 118 S. Ct. at 1233. We have consistently held that *Almendarez-Torres* remains good law. In *United States v. Shelton*, we held that the decision in *Almendarez-Torres* was "left undisturbed by *Apprendi*, *Blakely*, and *Booker*," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." 400 F.3d 1325, 1329 (11th Cir. 2005). Additionally, we have expressly stated we are "bound by *Almendarez-Torres* until it is explicitly overruled by the Supreme Court." *United States v. Dowd*, 451 F.3d 1244, 1253 (11th Cir.), *cert. denied* 127 S. Ct. 335 (2006).

It was not necessary for the jury to find all of Moore's prior convictions beyond a reasonable doubt. *See Almendarez-Torres*, 118 S. Ct. at 1233. Rather, it was sufficient for the judge to find that Moore had the predicate convictions. *Shelton*, 400 F.3d at 1329. Moore's attempt to distinguish *Almendarez-Torres* is equally without merit. The holding in *Almendarez-Torres* does not hinge on whether a defendant goes to trial or admits his actual predicate offenses. *See Almendarez-Torres*, 118 S. Ct. at 1233 (holding the government need not prove beyond a reasonable doubt that a defendant had prior convictions or allege those

5

prior convictions in its indictment in order to use those convictions to enhance a defendant's sentence).

C. *Reasonableness*

Moore asserts his sentence is unreasonable because the district court gave undue weight to the Guidelines, notwithstanding other factors that may have called for a lesser sentence.

Following the *Booker* decision, the district court must first correctly calculate the defendant's Guidelines range, then, using the § 3553(a) sentencing factors,[1] the court can impose a more severe or more lenient sentence as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). A sentence within the advisory Guidelines range is not *per se* reasonable, but is expected to be reasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A district court's statement that it has considered the § 3553(a) factors alone is sufficient, in post-*Booker* sentences, to indicate it considered the factors. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

---

[1] The § 3553(a) factors include the available sentences, the applicable Guidelines range and policy statements, the nature and circumstances of the offense, and the need for the sentence to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. 3553(a).

We conclude Moore's 264-month sentence is reasonable. *United States v. Booker*, 125 S. Ct. 738, 765 (2005) (holding sentences imposed under an advisory Guidelines system are reviewed for reasonableness). The district court correctly calculated Moore's Guidelines range and sentenced Moore within that range, and the district court explicitly stated it had considered the § 3553(a) factors. Ultimately, the district court concluded that Moore's history, both as a juvenile and an adult, showed exactly the kind of person the ACCA was designed to address. Given that Moore: (1) had a lengthy juvenile history, (2) was convicted for a number of crimes at the age of 18, (3) violated his parole and was returned to prison within months of when he was released from prison for the felonies he had committed, and (4) committed the instant offense within days of his release from incarceration for the parole violations; it is not unreasonable to conclude that Moore's youth and the short span of time during which he committed the predicate offenses for the ACCA are not mitigating factors. It is not unreasonable to give a mid-Guidelines sentence when considering all of the § 3553(a) factors, including the need to protect the public, to provide deterrence, and to provide Moore with needed correctional treatment. Accordingly, Moore's sentence was reasonable.

**AFFIRMED.**

7